# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED

| | | |
|---|---|---|
| **(1) KENNETH GRIFFIN,** | ) | OCT 24 2013 |
| | ) | |
| **Plaintiff,** | ) | Phil Lombardi, Clerk |
| | ) | U.S. DISTRICT COURT |
| **vs.** | ) | **Case No.** |
| | ) | |
| **(1) TULSA PUBLIC SCHOOLS and** | ) | 13 CV -702 CVE - FHM |
| **(2) DONNA GILFORD, in her Official** | ) | |
| **Capacity,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

The defendants, Independent School District No. 1 of Tulsa County, Oklahoma, commonly known as the Tulsa Public Schools ("Tulsa School District"), and Donna Gilford ("Gilford"), in her official capacity (collectively "Defendants"), pursuant to 28 U.S.C. §§1441 and 1446, Rule 81 of the Federal Rules of Civil Procedure, and N.D. LCvR 81.1 and 81.2, hereby remove an action pending in the District Court of Tulsa County, Oklahoma, to this court and further state:

  1. The Defendants have been named as defendants in a civil action brought against them in the District Court of Tulsa County, Oklahoma, titled: *Kenneth Griffin v. Tulsa Public Schools and Donna Gilford, in her Official Capacity*, Case No. CJ-2013-04573 (the "State Court Action").

  2. The plaintiff, Kenneth Griffin ("Plaintiff"), filed his Petition initiating the State Court Action on September 30, 2013. In his Petition, the Plaintiff alleges, *inter alia*, that the Defendants violated 1) his right to free speech under the First Amendment



of the United States Constitution; 2) his due process rights under the Fourteenth Amendment of the United States Constitution and the Oklahoma Teachers Due Process Act, OKLA. STAT. tit. 70, §§ 6-101.20 *et seq.*; and 3) his right to equal protection under the Fourteenth Amendment of the United States Constitution.   On their face, these allegations purport to raise federal law claims against the Defendants.

3.     The Defendant, Tulsa School District, was served with a copy of the Plaintiff's Petition and Summons on October 4, 2013.   Defendant Gilford has **not** been served with a copy of the Petition or Summons.

4.     This Notice of Removal is being filed on October 24, 2013, which is within thirty (30) days after receipt by any of the Defendants of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.   28 U.S.C. § 1446(b).   This Notice of Removal is, therefore, timely.

5.     Pursuant to 28 U.S.C. § 1331, the United States District Court for the Northern District of Oklahoma has original jurisdiction over the Plaintiff's purported claims for alleged violations of his rights under federal law.   The United States District Court for the Northern District of Oklahoma also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any claims advanced by the Plaintiff under Oklahoma law which arise out of the same case or controversy as his federal law claims.

6.     Pursuant to 28 U.S.C. § 1441, removal of the state court action to the United States District Court for the Northern District of Oklahoma is proper.

7.     Copies of all process, pleadings, orders and other documents filed or served in the state court case, along with a copy of the state court docket sheet, are attached to

2

this Notice of Removal as Exhibit A, and made a part hereof.  28 U.S.C. § 1446(a); LCvR

81.2.

8.     All Defendants in this case are eligible for, consent to and join in the

removal of the state court action to the United States District Court for the Northern

District of Oklahoma.

9.     The Defendants demand **TRIAL BY JURY**.

Respectfully submitted,

**J. Douglas Mann, OBA No. 5663**
**Samanthia S. Marshall, OBA No. 22640**
**ROSENSTEIN, FIST & RINGOLD**
**525 South Main, Suite 700**
**Tulsa, Oklahoma 74103**
**Telephone: (918) 585-9211**
**Facsimile:  (918) 583-5617**

**ATTORNEYS FOR THE DEFENDANTS**
**TULSA SCHOOL DISTRICT**
**AND DONNA GILFORD**

## CERTIFICATE OF DELIVERY

The undersigned hereby certifies that on the 24th day of October 2013, a true, complete and correct copy of the above and foregoing document was sent via both United States Certified Mail, Return Receipt Requested, with proper postage thereon fully prepaid, and electronic mail, to:

William D. Thomas
James C. Thomas
1621 South Harvard Avenue
Tulsa, Oklahoma  74112
getwdt@gmail.com

Samanthia S. Marshall

4



*1022969416*

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
**F I L E D**

SEP 30 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

KENNETH GRIFFIN,                    )
                                    )
            Plaintiff,              )
                                    )          Case No.
vs.                                 )
                                    )   **CJ-2013-04573**
TULSA PUBLIC SCHOOLS AND            )
DONNA GILFORD, in her Official      )      *JURY TRIAL DEMANDED*
Capacity,                           )      *ATTORNEYS LIEN CLAIMED*
                                    )
            Defendant.              )

### *PETITION*   CARLOS J. CHAPPELLE

COMES NOW Plaintiff, Kenneth Griffin, pursuant to the Civil Rights Act, 42 U. S. C. §

1983 *et seq.* and the Fourteenth Amendment; the Teachers Due Process Act, 70 Okla. Stat. § 6-

101.20 *et seq*; and files his Petition against Defendants, Tulsa Public Schools and Donna Gilford,

in her official capacity as Principal of Disney Elementary School, within the Tulsa Public School

system.  In support Kenneth Griffin alleges and states as follows:

1.  This Court has jurisdiction of the parties and subject matter of this action.

2.  Plaintiff Kenneth Griffin was a public school teacher assigned to Disney Elementary

    School, located in Tulsa County and State of Oklahoma.

3.  Plaintiff Kenneth Griffin lives in Tulsa County and all material facts occurred in Tulsa,

    Oklahoma within the jurisdiction of this Court.

4.  During all relevant times, Defendant Donna Gilford was employed and acting as

    Principal of Disney Elementary School during the Spring of 2012.

5.  Defendant Tulsa Public Schools, Independent School District of Tulsa County operates

    under the supervision of the Board of Education.

1

SALLY HOWE SMITH
COURT CLERK

2013 SEP 30  PM 2:43

**Exhibit A**

6. Plaintiff began teaching school in Tulsa in 1986 at a non-profit organization. He taught there until he was appointed principal within the Sapulpa School System in 1990.

7. In 1994, Plaintiff accepted a principal position with the Bartlesville School System.

8. In 1998, Plaintiff accepted the position of principal at Lanier Elementary School. Plaintiff was transferred to McKinley Elementary, as principal, in 2002.

9. Plaintiff accumulated vast and varying administrative experience during his tenure in the field of elementary education.

10. After pursuing an opportunity with the Sapulpa School System Plaintiff returned to Tulsa Public Schools and was assigned as a teacher at Disney Elementary School.

11. During Plaintiff's first seven (7) years at Disney Elementary, he had a positive and constructive experience as a teacher and with his Principal Lewis Galluzi, who Plaintiff described as fair, open, and who cared to listen to the teachers.

12. In 2012, Principal Lewis Galluzi elected to retire and was replaced by Defendant Donna Gilford, who had been elevated from her position as assistant principal of Disney Elementary. On or about September 12, 2012, Plaintiff began experiencing a severe tooth ache, and called his dentist for an emergency appointment.

13. Plaintiff's emergency appointment was scheduled for Monday, September 17, 2012, after the end of the school day. The Plaintiff's emergency appointment had been scheduled for after school because Plaintiff did not want to miss classes.

14. On that Monday, Plaintiff was escorting his students out of the building to meet their parents where he notified assistant principal Brad Griffin that because of his dental appointment he would need to miss the Monday faculty meeting. But, the assistant principal remarked: "Don't tell me, tell the principal."

2

15. As instructed Plaintiff notified Defendant, Principal Donna Gilford, of his emergency dental appointment. At that point, Defendant Gilford went into a verbal tirade witnessed by students, parents and other teachers.

16. Defendant Principal Donna Gilford, in a visible and embarrassing rage, directed her words to Plaintiff, "You people have got to arrange other times for your appointments because you know I have meetings on Monday after school," and she continued, "I have had 10 people say they have a reason to miss this faculty meeting."

17. Without any choice, Plaintiff left school and went to his emergency appointment.

18. On or about September 18, 2012, Plaintiff expressed his disagreement with Defendant Gilford's belittlement of him, a professional teacher. In an E-mail to her, he attributed her public outburst to her being "a first year administrator who has a great deal to learn." That should have been an end of the matter.

19. Defendant Gilford, however, decided to punish Plaintiff for exercising his right to free speech.

20. The same day Defendant Gilford sent an e-mail to Plaintiff thanking Plaintiff for his suggestions and promising to address Plaintiff's concerns the next day during his planning time at 9:00 a.m. But, in this e-mail, Ms. Gilford did not advise Plaintiff that this meeting was intended to be the first step in Gilford's plan to discipline Plaintiff and ultimately to get rid of him.

21. Without providing Plaintiff an adequate and clear notice of the Defendants' intended purpose of the meeting held on or about September 19, 2012. Plaintiff was not allowed representation and thus denied due process.

3

22. When Plaintiff arrived at the scheduled meeting, he was surprised by its adversarial setting with three school officials: Donna Gilford, the Principal, Brad Griffin, Assistant Principal, and Barbara Penrose, a representative from Central Administration of Tulsa Public Schools, facing this individual teacher.

23. During this meeting, Plaintiff, having been ambushed, asked Principal Gilford to apologize for her public tirade against him, but she declined, and continued the process of disciplining Plaintiff.

24. This was the first time since 1986 when he first began teaching that Plaintiff had been the subject of discipliner.

25. Plaintiff complained about the Principal and informed other teachers and the Superintendent that Principal Gilford had ambushed him at the meeting and had employed "bullying" tactics against him.

26. Defendant Donna Gilford again reprimanded Plaintiff for exercising his right to free speech.

27. Defendants than began a campaign of bullying tactics to force Plaintiff to leave his cosen profession as a school teacher.

28. On or about September 19, 2012, Phyllis Lovett, Associate Superintendent for Elementary Schools sent an e-mail to Plaintiff scheduling a meeting for Thursday, September 20, 2012 at 2:00 p.m., in room 216 at Central Administration, but again Plaintiff was not given adequate notice of the purpose of the meeting.

29. Without the notice required by constitutional due process, Plaintiff came to the meeting thinking that his personal grievance was going to be addressed. But this meeting was purely disciplinary.

4

30. At the meeting, Plaintiff was handed a copy of the "Personal Development Plan", prepared by Defendant Tulsa Public Schools, identifying five (5) specifications for his disciplinary administrative transfer, as follows:

   a. That he failed to provide the Principal timely notification of his [emergency] dental appointment;

   b. Failed to show "professional respect toward the Principal is required;"

   c. Failed to show "professional respect toward the Assistant Principal is also required;"

   d. That Plaintiff was not entitled to use the District's e-mail system to communicate with the Disney Elementary teachers;

   e. That Plaintiff failed to obey and follow Principal's instruction for him not to communicate with the other teachers, and this failure, amounted to insubordination.

31. On or about September 26, 2012, Plaintiff was moved to Key Elementary when he remained, until December 17, 2012. But, after his transfer from Disney to Key, Defendant TPS initiated another disciplinary process with its second Personal Development Plan, issued on October 26, 2012. Plaintiff considers the stated grounds given for the PDP to be merit less and arbitrary and capacious, and a continuing violation of his entitlement to due process, as a career teacher.

32. As a direct result of Defendants' continued and malicious breach of Plaintiff's constitutional rights, his cherished belief in teaching was dampened and damaged irreparably, and Defendant's continuing experience toward Plaintiff worsened even after his forced transfer and his ultimate forced resignation.

33. As a further result of his abuse, Plaintiff finally reached the point of such extreme despair, mental anguish and mental distress he found no other choice but to end his twenty-year career in education; and he reluctantly submitted his resignation to Defendant TPS, effective January 15, 2013.

34. That even after he resigned, Defendant TPS once again slapped him with a third disciplinary Personal Development Plan, which once again breached Plaintiff's right to protected speech.

35. Plaintiff was finally moved to Hawthorne Elementary and assigned to janitorial duties in an obvious attempt to belittle this career teacher.

## I. COUNT ONE – Breach of Plaintiff's Freedom of Speech

36. The allegations in paragraphs 1 thought 35 of this Petition are re-alleged and incorporated herein by reference.

37. The First Amendment of U.S. Constitution, as interpreted by the U.S. Supreme Court, protects teachers, including Plaintiff, and his freedom of speech allows teachers to express themselves and to communicate messages, ideas and other subjects.

38. Plaintiff as a teacher did not shed his Constitutional rights to freedom of speech and expression at the schoolhouse gate.

39. In his first write up, Defendants declared that Plaintiff had no right or authority to communicate with the other teachers at the school without first gaining the authority of the Principal and for this and his expression of ideas, Plaintiff was personally disciplined by the Defendants, constructively forcing him out of his chosen profession.

6

40. As a direct result of Defendants' violations of Plaintiff's constitutional freedom of speech, Plaintiff has suffered severe economic and physical injury and severe mental anguish and mental distress.

WHEREFORE, premises considered, Plaintiff prays for judgment against the Defendants for sums in excess of $10,000.00, together with interest thereon, costs of this action and for such other relief to which he may be entitled.

## II.   COUNT TWO – Denial of Plaintiff's Entitlement to Due Process

41. The allegations in Paragraphs 1 through 40 of this Petition are re-alleged and incorporated herein by reference.

42. Beginning with Defendant Gilford's first scheduled meeting held for the purpose and intent to punish Plaintiff, Defendants violated Plaintiff's constitutional rights of due process under the 14th Amendment, for lack of adequate notice that discipline was the intended purpose of meeting.

43. The notice given by Defendants to Plaintiff about his right to bring a representative to meeting was deficient both in terms of time and content.

44. That Defendants violated Plaintiff's rights under the Oklahoma Teacher Due Process Act, 70 Okla. Stat. § 6-101.20 *at seq.*

45. That under the circumstances of this case, it would have been futile for Plaintiff to have exhausted any administrative remedies that might have been available before Defendant TPS.

46. That, the Oklahoma Teacher Due Process Act, 70 Okla. Stat. § 6-101.27 (A), provides that Plaintiff, a career teacher, "shall be entitled to a trial denovo."

7

process, Plaintiff has suffered severe economic and physical injury and severe mental anguish and mental distress.

WHEREFORE, premises considered, Plaintiff prays for judgment against the Defendants for sums in excess of $10,000.00, together with interest thereon, costs of this action and for such other relief to which he may be entitled.

### III.   COUNT THREE – Violation of Plaintiff's Equal Protection Rights

48. The allegations in Paragraphs 1 through 47 of this Petition are re-alleged and incorporated herein by reference.

49. Defendant Gilford discriminated against Plaintiff over other teachers for punishment. That at the September 17, 2012, regular faculty meeting, ten teachers at Disney Elementary informed the Principal that they would miss the faculty meeting because of appointments. Yet Plaintiff was the only one disciplined.

50. Singling Plaintiff out for missing this faculty meeting, Defendant TPS directed its charge at Plaintiff, stating that: "Elective appointments must be scheduled around faculty meetings." Failed to give principal notice until day of meeting. This was not a timely notification. But none of the other teachers doing the same things as Plaintiff were disciplined.

51. The 14th Amendment states that no State shall deny to any persons . . . "the equal protection of the law."

52. As a direct result of Defendants' violations of Plaintiff's constitutional right of equal protection, Plaintiff has suffered severe economic and physical injury and severe mental anguish and mental distress.

8

WHEREFORE, premises considered, Plaintiff prays for judgment against the Defendants for sums in excess of $10,000.00, together with interest thereon, costs of this action and for such other relief to which he may be entitled.

Respectfully submitted,

THOMAS LAW FIRM, PLLC

By: _____
William D. Thomas, OBA #21554
James C. Thomas, OBA # 8935
1621 S. Harvard Ave.
Tulsa, OK. 74112
Phone: (918) 289-0150
Fax: (918) 835-2125
getwdt@gmail.com *e-mail*
*Attorneys for Plaintiff*

9




**ORIGINAL SUMMONS**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA, 500 SOUTH DENVER, TULSA, OKLAHOMA 74103

CJ-2013-04573

KENNETH GRIFFIN,
                                   Plaintiff(s)

vs.

TULSA PUBLIC SCHOOLS and DONNA GILLFORD,
in her Official Capacity,
                                   Defendant(s)

Case No. _____

Attorney(s) for Plaintiff(s)
Name William D. Thomas
Address 1621 S. Harvard Ave,
        Tulsa, OK   74112
Telephone (918)289-0150

DISTRICT COURT
F I L E D

OCT - 8 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

To the above-named Defendant(s)
Tulsa Public Schools
3027 S. New Haven Ave.
Tulsa, OK   74114

Appointed to serve, PSL # _____

Authorized by William D. Thomas, OBA # 21554

         You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the Court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.  Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

         Issued this   30   day of _____9_____, 2013.

                                   Sally Howe Smith, Court Clerk

                                   By: _____

                                        Deputy Court Clerk

(Seal)

This summons and order was served on _____

                                        (date of service)

                                   _____

                                   (Signature of person serving summons)

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.**

**Return ORIGINAL for filing.**

## RETURN/AFFIDAVIT OF SERVICE

### IN THE DISTRICT COURT OF TULSA COUNTY
### STATE OF OKLAHOMA

KENNETH GRIFFIN,

               Petitioner,

vs.

TULSA PUBLIC SCHOOLS and DONNA
GILFORD, in her Official Capacity,

               Respondent.

Case No. CJ-2013-4573

Attorney for Respondent
Name        William D. Thomas OBA #21554
Address     THOMAS LAW FIRM, PLLC
              1621 S. Harvard Ave.
              Tulsa, Oklahoma  74112
Telephone  (918)289-0150

### CERTIFICATE OF SERVICE BY MAIL

    I certify that I mailed copies of the foregoing Summons and Petition attached to the following named Petitioner at the address shown by certified mail, return receipt requested, on the 2nd day of October, 2013, and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date Receipted |
|---|---|---|
| Tulsa Public Schools | 3027 S. New Haven Ave.<br>Tulsa, OK  74114 | On or about 10/04/13 |

Signature of person mailing summons

Ashley McClain
Printed Name



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 0.00 |
| Certified Fee | 3.10 |
| Return Receipt Fee (Endorsement Required) | 2.55 |
| Restricted Delivery Fee (Endorsement Required) | 0 |
| Total Postage & Fees | $ 6.31 |

*mailed 10/2/13 by AM*

Postmark Here

Sent To
Street & Apt. No.
or PO Box No.
City, State

Tulsa Public Schools
3027 S. New Haven Ave.
Tulsa, OK  74114

7005 0390 0003 4107 7918

PS Form

---

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _____  ☐ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
10-4-13

1. Article Addressed to:

Tulsa Public Schools
3027 S. New Haven Ave.
Tulsa, OK  74114

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

OCT - 5  2013

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7005 0390 0003 4107 7918

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

# OSCN  THE OKLAHOMA STATE COURTS NETWORK

*www.oscn.net*

**Home   Courts   Court Dockets   Legal Research   Calendar   Help**

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| KENNETH GRIFFIN,<br>        Plaintiff,<br>v.<br>TULSA PUBLIC SCHOOLS,<br>        Defendant, and<br>DONNA GILFORD,<br>        Defendant. | No. CJ-2013-4573<br>(Civil relief more than $10,000:<br>BREACH OF AGREEMENT - CONTRACT)<br><br>Filed: 09/30/2013<br><br>Judge: Chappelle, Carlos |

## Parties

GILFORD, DONNA , Defendant
GRIFFIN, KENNETH , Plaintiff
TULSA PUBLIC SCHOOLS , Defendant

## Attorneys

| **Attorney** | **Represented Parties** |
|---|---|
| THOMAS, WILLIAM D(Bar # 21554)<br>1621 S. HARVARD AVE.<br>TULSA, OK 74112 | GRIFFIN, KENNETH |

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

## Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**

Issue: BREACH OF AGREEMENT - CONTRACT (CONTRACT)
Filed by: GRIFFIN, KENNETH
Filed Date: 09/30/2013

**Party Name:**                    **Disposition Information:**

**Defendant:** TULSA PUBLIC          Pending.
SCHOOLS

**Defendant:** GILFORD, DONNA       Pending.

## Docket

| Date | Code | Count | Party | Serial # | Entry Date |
|---|---|---|---|---|---|

| Date | Code | Count | Party | Serial # | Entry Date | | |
|------|------|-------|-------|----------|------------|---|---|
| 09-30-2013 | TEXT | 1 | | 86886401 | Sep 30 2013 2:37:19:860PM | - | $ 0.00 |
| | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | | | | |
| 09-30-2013 | CONTRACT | - | | 86886403 | Sep 30 2013 2:37:19:900PM | Realized | $ 0.00 |
| | BREACH OF AGREEMENT - CONTRACT | | | | | | |
| 09-30-2013 | DMFE | - | | 86886404 | Sep 30 2013 2:37:19:910PM | Realized | $ 2.00 |
| | DISPUTE MEDIATION FEE($ 2.00) | | | | | | |
| 09-30-2013 | PFE1 | - | | 86886405 | Sep 30 2013 3:02:15:860PM | Realized | $ 163.00 |
| | PETITION($ 163.00) 📄 *Document Available (#1022969416)* | | | | | | |
| 09-30-2013 | PFE7 | - | | 86886406 | Sep 30 2013 2:37:19:910PM | Realized | $ 6.00 |
| | LAW LIBRARY FEE($ 6.00) | | | | | | |
| 09-30-2013 | OCISR | - | | 86886407 | Sep 30 2013 2:37:19:910PM | Realized | $ 25.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | | | | | | |
| 09-30-2013 | CCADMIN02 | - | | 86886408 | Sep 30 2013 2:37:19:910PM | Realized | $ 0.20 |
| | COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS($ 0.20) | | | | | | |
| 09-30-2013 | OCJC | - | | 86886409 | Sep 30 2013 2:37:19:910PM | Realized | $ 2.00 |
| | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 2.00) | | | | | | |
| 09-30-2013 | OCASA | - | | 86886410 | Sep 30 2013 2:37:19:910PM | Realized | $ 5.00 |
| | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00) | | | | | | |
| 09-30-2013 | CCADMIN04 | - | | 86886411 | Sep 30 2013 2:37:19:910PM | Realized | $ 0.50 |
| | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50) | | | | | | |
| 09-30-2013 | LTF | - | | 86886412 | Sep 30 2013 2:37:20:050PM | Realized | $ 10.00 |
| | LENGTHY TRIAL FUND($ 10.00) | | | | | | |
| 09-30-2013 | SMF | - | | 86886413 | Sep 30 2013 2:37:49:270PM | Realized | $ 10.00 |
| | SUMMONS FEE (CLERKS FEE)-2($ 10.00) | | | | | | |
| 09-30-2013 | SMIMA | - | | 86886414 | Sep 30 2013 2:37:55:100PM | Realized | $ 0.00 |
| | SUMMONS ISSUED - MAILED BY ATTORNEY-2 | | | | | | |
| 09-30-2013 | TEXT | - | | 86886402 | Sep 30 2013 2:37:19:870PM | - | $ 0.00 |
| | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE CHAPPELLE, CARLOS TO THIS CASE. | | | | | | |

| Date | Code | Count | Party | Serial # | Entry Date | | $ 0.00 |
|------|------|-------|-------|----------|-----------|---|--------|
| 09-30-2013 | ACCOUNT | - | | 86886429 | Sep 30 2013 2:38:14:620PM | - | $ 0.00 |

RECEIPT # 2013-2694787 ON 09/30/2013.
PAYOR:THOMAS LAW FIRM PLLC TOTAL AMOUNT PAID: $223.70.
LINE ITEMS:
CJ-2013-4573: $173.00 ON AC01 CLERK FEES.
CJ-2013-4573: $6.00 ON AC23 LAW LIBRARY FEE.
CJ-2013-4573: $0.70 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2013-4573: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2013-4573: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.
CJ-2013-4573: $2.00 ON AC64 DISPUTE MEDIATION FEES.
CJ-2013-4573: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2013-4573: $10.00 ON AC81 LENGTHY TRIAL FUND.

| 10-08-2013 | S | - | TULSA PUBLIC SCHOOLS | 86973117 | Oct 8 2013 3:24:37:053PM | - | $ 0.00 |

PARTY HAS BEEN SUCCESSFULLY SERVED. SUMMONS SERVED ON TULSA PUBLIC SCHOOLS, SIGNED BY YOVANDA BROWING, ON 10-04-13 BY CERTIFIED MAIL
📄 *Document Available (#1022825313)*

Report Generated by The Oklahoma Court Information System at October 22, 2013 16:01 PM

End of Transmission.