UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CV-0702-CVE-FHM |
| ) | |
| INDEPENDENT SCHOOL DISTRICT NO. 1 ) | |
| OF TULSA COUNTY, OKLAHOMA, ) | |
| and DONNA GILFORD, in her Official ) | |
| Capacity, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court is Donna Gilford's Motion to Dismiss and Opening Brief in Support (Dkt. # 12). Defendant Donna Gilford argues that the claims brought against Gilford in her official capacity are duplicative of the claims brought against Independent School District No. 1 of Tulsa County, Oklahoma (Tulsa School District), and that the claims against her should be dismissed with prejudice. Plaintiff responds that dismissal of Gilford prior to discovery would be premature.

I.

Plaintiff was a public school teacher at Disney Elementary School (Disney), a school in the Tulsa School District. Dkt. # 2, at 5. Gilford was principal of Disney at the time of the alleged events. Id. On September 12, 2012, plaintiff alleges that he "began experiencing a severe tooth ache, and called his dentist for an emergency appointment." Id. at 6. He scheduled an appointment with his dentist for September 17, 2012, allegedly after the end of the school day. Id. A faculty meeting was scheduled at the same time. Id. On September 17, 2012, plaintiff informed assistant

principal Brad Griffin that he would be unable to attend the meeting because of his appointment, to which Brad Griffin allegedly replied, "'Don't tell me, tell the principal.'" Id.

Plaintiff notified Gilford of the appointment. Id. at 7. Gilford allegedly responded, "'You people have got to arrange other times for your appointments because you know I have meetings on Monday after school.'" Id. Allegedly, Gilford continued, stating, "'I have had 10 people say they have a reason to miss this faculty meeting.'" Id. Plaintiff went to his dental appointment. Id.

On September 18, 2013, plaintiff sent an email to Gilford expressing his disagreement with her and attributing her response to her being "'a first year administer who has a great deal to learn.'" Id. Gilford responded by sending an email to plaintiff thanking him for his suggestions and stating that his concerns would be addressed the next day. Id. Plaintiff alleges that the next day a meeting was held to discipline him, that he was not provided adequate notice of the purpose of the meeting, and that he was not allowed representation. Id.

Plaintiff alleges that when he complained about Gilford, he was again reprimanded. Id. at 8. Plaintiff alleges that he was given inadequate notice about the purpose of a meeting held on September 20, 2012. Id. Plaintiff was given a "Personal Development Plan" at that meeting that provided five specifications for his administrative transfer: that he failed to provide timely notification of his dental appointment, that he failed to show professional respect to Gilford, that he failed to show professional respect to the assistant principal, that he used school email inappropriately, and that he failed to follow Gilford's instructions regarding school email. Id. at 9. On September 26, 2012, plaintiff was transferred to Key Elementary. Id.

Plaintiff alleges that on October 26, 2012, he received a second Personal Development Plan. Id. Plaintiff remained at Key Elementary until December 17, 2012. Id. Plaintiff submitted his

resignation, effective January 15, 2013. Id. at 10.  On November 16, 2012, plaintiff again received a Personal Development Plan. Id.  Plaintiff was transferred to Hawthorne Elementary School on January 7, 2013, allegedly to work as a janitor. Id.

On September 30, 2013, plaintiff filed a petition in the District Court of Tulsa County, Oklahoma. Id.  In his petition, plaintiff alleges that his constitutional right to freedom of speech was violated. Id. at 10.  Plaintiff also alleges that defendants violated his rights of due process under the United States Constitution and the Oklahoma Teacher Due Process Act, Okla. Stat. tit. 70, § 6-101.20 et seq. Id. at 11.  Plaintiff further alleges that by singling him out for punishment, defendants violated his right to equal protection of the law. Id. at 12.  On October 24, 2013, defendants removed to federal court. Id.  On October 31, 2013, Gilford filed a motion to dismiss the claims brought against her. Dkt. # 12.  Gilford is sued in her official capacity only. Dkt. # 2, at 1.

## II.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562.  Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009).  For the purpose of making the dismissal determination, a court

3

must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Gilford argues that, because plaintiff has asserted claims against her only in her official capacity and because those claims are duplicative of plaintiff's claims against the Tulsa School District, she should be dismissed from this action. Dkt. # 12, at 3. Plaintiff argues that dismissal of the claims against Gilford before discovery would be premature.[1] Dkt. # 14, at 1.

"An action against a person in his official capacity is, in reality, an action against the government entity for whom the person works." Pietrowski v. Town of Dibble, 134 F.3d 1006, 1009 (10th Cir. 1998). If a governmental entity is already a defendant in a lawsuit, then any official capacity claims against its employees are redundant and may be dismissed. Bennett v. Johnson, No. 09-CV-612-TCK-PJC, 2010 WL 2465499, at *5 (N.D. Okla. June 11, 2010); see also Thanongsinh v. Bd. of Educ., 462 F.3d 762, 771 n.7 (7th Cir. 2006) (holding that a Title VII claim against a school district employee in his official capacity was duplicative of plaintiff's Title VII claim against

---

[1]  Plaintiff implies that Gilford is named as a defendant largely to aid in discovery. Dkt. # 14, at 2, 4.

the school district itself and that it was proper for the district court to dismiss it); Castro Romero v. Becken, 256 F.3d 349, 355 (5th Cir. 2001) ("The district court was also correct in dismissing the allegations against all of the municipal officers . . . in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves."); Bills v. City of Okla. City, No. CIV-09-00974-D, 2010 WL 3604437, at *2-3 (W.D. Okla. Sept. 9, 2010) (dismissing official capacity claims against governmental employees that duplicated plaintiff's claims against the governmental entity); Rubio v. Turner Unified Sch. Dist. No. 202, 453 F. Supp. 2d 1295, 1300 (D. Kan. 2006) (dismissing duplicative official capacity claims). Defendant is correct that the authority supporting the dismissal of duplicative claims is not precedential. However, this Court finds it persuasive. The official capacity claims against Gilford should be dismissed.

Gilford argues that any attempt by plaintiff to amend his claims would be futile and that the claims against her in her official capacity should be dismissed with prejudice. The Court declines to dismiss the claims with prejudice.

**IT IS THEREFORE ORDERED** that Donna Gilford's Motion to Dismiss and Opening Brief in Support (Dkt. # 12) is **granted in part and denied in part**. Plaintiff's claims against Donna Gilford in her official capacity are dismissed without prejudice, and she is terminated as a party to this action.

**DATED** this 14th day of November, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE