UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KENNETH GRIFFIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 13-CV-0702-CVE-FHM |
| ) | |
| **INDEPENDENT SCHOOL DISTRICT NO. 1** ) | |
| **OF TULSA COUNTY, OKLAHOMA,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's Motion to Amend Complaint (Dkt. # 21). Plaintiff seeks leave of court to amend his complaint to add an additional party and an additional claim. Defendant Independent School District No. 1 of Tulsa County, Oklahoma (Tulsa School District) objects to plaintiff's motion, because it claims that plaintiff has not complied with LCvR 7.2(l).

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend a pleading "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Calderon v. Kan. Dep't of Soc. and Rehab. Servs., 181 F.3d 1180, 1186 (10th Cir. 1999). However, the court may deny a motion to amend if it finds any "apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). In this

case, Tulsa School District's sole objection to plaintiff's motion is the alleged failure of plaintiff to comply with LCvR 7.2(l).  Local rule 7.2(l) provides:

> In a motion to amend or a motion to add parties, the movant shall state (1) the deadline date established by the scheduling order, if any, and (2) whether any other party objects to the motion.  All such motions shall be accompanied by a proposed order submitted pursuant to the Administrative Guide which specifically sets forth what is being amended and/or the names of parties being added.

LCvR 7.2(l).  Tulsa School District argues that the plaintiff may have failed to submit a proposed order to the Court and has failed to either file a copy of the proposed amended complaint or provide a copy to Tulsa School District.  There is no dispute that plaintiff has complied with the other requirements of LCvR. 7.2(l).

Under Fed. R. Civ. P. 15(a), leave to amend should be freely given.  Fed. R. Civ. P. 15(a).  A failure to comply with the requirements of LCvR 7.2(l), without more, does not compel a denial of a plaintiff's motion to amend.  Scott v. DIRECTV Customer Servs., Inc., No. 08-CV-0311-CVE-PJC, 2009 WL 661392, at *3 n.4 (N.D. Okla. Mar. 11, 2009).  Additionally, plaintiff's motion to amend sets forth the name of the party to be added and the claim to be added.  Dkt. # 21, at 2.  Plaintiff's motion should be granted, and defendant may file any substantive objection in its responsive pleading.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Amend Complaint (Dkt. # 21) is **granted**.  Plaintiff shall file an amended complaint by **forthwith**.

**DATED** this 13th day of February, 2014.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE